UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:21-CR-122 |
| v. | ) | |
| | ) | JUDGE CRYTZER |
| ANDREW STEPHEN COUCH | ) | |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, ANDREW STEPHEN COUCH, and the defendant's attorney, Mike Whalen, have agreed upon the following:

1. The defendant will plead guilty to counts two and three of the indictment returned in the Eastern District of Tennessee (EDTN) charging the defendant with two counts of production of child pornography in violation of 18 U.S.C. §2251(a) and (e).

The punishment for each offense is a term of imprisonment of not less than fifteen (15) years and not more than thirty (30) years; a fine of up to $250,000; a term of supervised release of not less than five (5) years up to life; a $100 special assessment; a $5,000,00 assessment pursuant to 18 U.S.C. § 3014; and a $50,000.00 assessment pursuant to 18 U.S.C. § 2259A, asset forfeiture, a minimum of $3,000.00 per victim in restitution, and a $100.00 special assessment per each count.

2. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. Specifically, the elements of the offense of production of child pornography are as follows:

> i. The defendant employed, used, persuaded, induced, or enticed an individual to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, or attempted to do so;
>
> ii. The individual was a minor at the time; and

    iii. Either:

      a. The depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce; or

      b. The defendant knew or had reason to know that the visual depiction was going to be transported in interstate or foreign commerce; or

      c. The visual depiction was actually transported in interstate or foreign commerce.

  3.  In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

  In the EDTN on December 19, 2019, the Homeland Security Investigations Internet crimes against children in Knoxville (HSI-ICAC) received cyber-tips regarding the defendant distributing child pornography (CP) to Google servers with the username daddy9413161719@gmail.com. A cyber-tip provided the cellular phones being used to distribute the CP. The cellular phones associated with the Gmail account were identified as Android devices: LGK40 cellular phone, Mobile Equipment Identifier (MEID): 35996210267218 and LGK40 cellular phone, MEID: 359962102668017. The account subscriber information was:

Name: Andrew Couch  
Mobile Cellular phone: 865-338-6302  
Mobile Cellular phone: 865-588-1961  
Email Address: daddy9413161719@gmail.com  
Email Address: dchmac131618@gmail.com  

  The cellular phone number 865-338-6302 was assigned to a T-Mobile user. An administrative subpoena was issued to T-Mobile. The defendant was identified as the subscriber and 2913 Oregon Ave, Knoxville, TN 37921 was listed as his residence.

A search warrant for defendant's home at 2913 Oregon Ave, Knoxville, Tennessee was obtained and executed on January 23, 2020. At the execution of the search warrant the two android cellular phones associated with the Gmail account that contained CP were seized. One android device with MEID: 35996210267218 was in a black case, the other android device with MEID: 359962102668017 was located in a pink case. Defendant identified the cellular phone in the black case as his. Defendant's girlfriend identified the cellular phone in the pink case as belonging to her.

Defendant was Mirandized and agreed to be interviewed. Defendant identified 865-338-6302 as his cellular phone number and said he and his girlfriend shared cell number 865-588-1961. Defendant admitted to using BitTorrent on his cellular phone to receive CP.

Defendant's cellular phone in the black case was forensically examined. Located on the cellular phone were multiple videos of CP produced by the defendant involving the defendant and a four-and-a-half-year-old female. Two of the CP videos were created on or about December 12, 2019.

The four-and-a-half-year-old female was identified and forensically interviewed. The minor female reported seeing the defendant's penis and "pulling on it." The first video produced was a visual depiction of the four-and-a-half-year-old female, naked on defendant's lap playing with his exposed penis corroborating what the child had reported.

The second CP produced on the same day with defendant's cellular phone was a visual depiction of the defendant attempting to penetrate the four-and-a-half-year-old female vaginally with his penis.

There were a total of 31 images and 11 videos on the defendant's cellular phone. The videos that the defendant produced in the EDTN depicting the four-and-a-half-year-old minor engaged in

3

sexually explicit conduct were transported in interstate commerce, and the depictions were produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce.

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    a) the right to plead not guilty;

    b) the right to a speedy and public trial by jury;

    c) the right to assistance of counsel at trial;

    d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e) the right to confront and cross-examine witnesses against the defendant;

    f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

    g) the right not to testify and to have that choice not used against the defendant.

    a) The Court may impose any lawful term(s) of imprisonment, any lawful fines, and any lawful terms of supervised release up to the statutory maximums;

    b) The Court will impose special assessment fees as required by law; and

    c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense

4

Case 3:21-cr-00122-KAC-JEM   Document 18   Filed 03/29/22   Page 4 of 11   PageID #: 49

counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty pleas. The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offenses, including violations of conditions of release or the commission of any additional offenses prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or

5

Case 3:21-cr-00122-KAC-JEM   Document 18   Filed 03/29/22   Page 5 of 11   PageID #: 50

portions thereof, which are in the possession or control of the defendant or the defendant's nominees that were used and intended to be used in any manner or part to commit and to facilitate the commission of a violation of Title 18, United States Code, Sections 2251(a) and (e), and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities which are in the possession or control of the defendant or the defendant's nominees.

The defendant agrees to forfeit the defendant's interest in the following properties:

a. ANDROID LGK40 cellular phone (black case), MEID: 35996210267218;

b. ANDROID LGK40 cellular phone (pink case), MEID: 359962102668017;

The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

In the event a money judgment forfeiture is ordered, the defendant agrees to send all money judgment payments to the United States Marshals Service. The defendant also agrees that the full money judgment amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody, the defendant agrees that the Bureau of

6

Prisons will have the authority to establish payment schedules to ensure payment of the money judgment. The defendant further agrees to cooperate fully in efforts to collect on the money judgment by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of the money judgment without notifying defendant's counsel and outside the presence of the defendant's counsel.

10. The defendant agrees that the Court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victims of any offense charged in this case (including dismissed counts); and (2) the victims of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's *charged* offenses.

11. Financial Obligations. The defendant agrees to pay all fines and/or restitution to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amounts shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the

defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

      a)      If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

      b)      The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

      c)      If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

12.      The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offenses committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

      a)      The defendant will not file a direct appeal of the defendant's convictions or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal

the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

    b)  The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's convictions or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

    c)  The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

  13.  The defendant acknowledges that the defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: (1) where the defendant resides; (2) where the defendant is employed; and (3) where the defendant is a student. The defendant understands that the requirements for registration include providing: (1) the defendant's name; (2) residence address; and (3) the names and addresses of any places where the defendant is, or will be, an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations will subject the

defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by imprisonment, a fine, or both.

14. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty pleas as agreed herein, moving to withdraw guilty pleas after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty pleas in this case.

15. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

16. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charges, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

3/29/2022
Date

By: _____
Jennifer Kolman
Assistant United States Attorney

3-25-22
Date

Andrew Stephen Couch
Defendant

3-25-22
Date

Mike Whalen
Attorney for the Defendant

11