IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:21-CR-122 |
| | ) | |
| | ) | JUDGE CRYTZER |
| ANDREW STEPHEN COUCH | ) | |

**SENTENCING MEMORANDUM**

Comes now the Defendant, Andrew Stephen Couch, by and through undersigned counsel and pursuant to EDTN Local Rule 83.9(k), United States v. Booker, 125 S.Ct. 738 (2005), and other authorities, and respectfully submits the following Sentencing Memorandum for the Court's consideration. Mr. Couch is currently scheduled to be sentenced on January 6, 2023.

**Objection to the Presentence Report:**

Mr. Couch has filed two objections to the Presentence Report (PSR).

First, Mr. Couch objects that when negotiating his agreement a pre-plea guideline calculation was done. As this Court no doubt knows, the possibility for enhancements in these types of cases is enormous. During negotiations, that concern was expressed and the Government had the calculation done so that we would ALL know what we were getting into and avoid any undue surprises. The pre-plea report cited the United States Sentencing Guidelines (USSG) 5G1.2 and 5G1.3 that though the guidelines calculation surpassed 43 and thus a life sentence, the statutes of conviction did not carry a life sentence and would thus be limited to a level 43 with the 3 level reduction for acceptance to level 40. The official PSR added several multilevel enhancements not included in the pre-plea calculation mostly because the pre-plea calculation

recognized the level 43 limits earlier and for that reason stopped. The filed PSR arrived at a level 55 calculation. ( PSR, item 90.) Thus Couch and the Government entered into this contract thinking Couch faced a level 40 as a Category I offender with a 292-365 month sentence range. The PSR in applying USSG 5G1.2 and 18 U.S.C. 2251(a) suggests a sentence of 360 on each running concurrently for a total guideline sentencing range of 720 months. Or DOUBLE what was expected.

In 22 years or so of federal practice, Counsel had not dealt with USSG 5G1.2 and 1.3. Both of the last two PSRs have contained this issue. In this case the PSR says that the sentences would run consecutively. USSG 5G1.2 (b) says that the COURT (emphasis added) shall determine the total punishment and shall impose that total punishment on each such count []. Section (c) says if the count with the highest statutory maximum is adequate to achieve total punishment, then the sentences on all counts shall run concurrently, except to the extent otherwise required by law. And section (d) says, if the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, BUT ONLY (emphasis added) to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all count shall run concurrently, except to the extend otherwise required by law.

Other than the requirement that the COURT determines what the "total punishment" shall be, the guideline does not explicitly define "total punishment." While application note one comes closest to explaining what "total punishment" means, it surely cannot be intended to apply as it is in the PSR. Note 1 suggests that "total punishment" is determined by the COURT (emphasis added) after determining the adjusted combined offense level and Criminal History Category and

determining the defendant's guideline range on the sentencing table in Chapter Five, Part A (Sentencing Table). But of course that way lies insanity.

The adjusted offense level is life. But since the statutes of conviction do not carry life sentences, the guideline says Couch cannot get a life sentence. But then suggests stacking until you essentially reach life. Another good reason the guidelines are no longer mandatory.

Secondly, Couch objects that the USSG as applied in this case says you can't have life but you can get 60 years. As a 37 year old man, Couch submits that a 60 year sentence is life. If, as in this case, the non mandatory Guidelines result in an absurd result, this Court should ignore those guidelines, consider the expectations of the parties in negotiating the contract they signed and apply the 18 U.S.C. 3553 factors to craft a sentence "*sufficient, but not greater than necessary*," to comply with the four purposes of sentencing set forth in Section 3553(a)(2). (Emphasis added).

**Sentencing:**

With the Booker excision of the mandatory nature of the Sentencing Guidelines as required by 18 U.S.C. § 3553(b)(1), the guidelines should be viewed to be of subordinate impact to the other provisions of § 3553(a) or at best of equal import when the guidelines do not contradict other provisions within the statute. The Supreme Court was clear about the status of the guidelines: "So modified, the Federal Sentencing Act... makes the Guidelines effectively advisory." United States v. Booker, 125 S.Ct. at 757. It is particularly noteworthy that the requirement of the Supreme Court rationale that a judge *must* consult, and that a sentence *requires* consideration of, the sentencing guidelines - is derived from the language of §3553(a). Id. The nature and tone of the

wording in the Supreme Court's rationale is equally important. The Supreme Court stated that the guidelines should be "consulted" and "considered... in light of other statutory concerns..." not that the guidelines should carry a greater, let alone more substantial, weight than the remainder of the Sentencing Reform Act. Id.

Since the basis in Booker for a requirement to consult the federal sentencing guidelines is derived from its status as one of the factors within 18 U.S.C. 3553(a), the Booker decision makes it clear that a court is required to consider all § 3553(a) factors in its determination of the defendant's sentence including, not subordinate to, the federal Sentencing Guidelines.

### A.  The Sentencing Guidelines are subordinate to 18 U.S.C. § 3553(a)

The Sentencing Reform Act is quite explicit about the role of 18 U.S.C. § 3553(a) in sentencing determinations. 18 U.S.C. § 3582(a) specifically states:
The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation. Further, 18 U.S.C. § 3661 provides that:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

The sentencing mandate is the overriding principle of Section 3553(a). The mandate requires courts to impose a sentence "*sufficient, but not greater than necessary,*"

to comply with the four purposes of sentencing set forth in Section 3553(a)(2). (Emphasis added). The four purposes of 3553(a)(2) are:

> (A) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;
>
> (B) the need to afford adequate deterrence to criminal conduct;
>
> (C) the need to protect the public from further crimes of the defendant; and
>
> (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

The sufficient-but-not greater-than-necessary sentencing mandate is often referred to as the "parsimony provision." The parsimony provision is not just another "factor" to be considered along with the others set forth in § 3553(a). It sets an independent limit on the sentence a court may impose.

In determining the sentence minimally sufficient to comply with the § 3553(a)(2) purposes of sentencing, the court must consider several factors listed in § 3553(a). These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the kinds of sentence available;" (3) the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range; (4) the need to avoid unwarranted sentencing disparity; and (5) the need to provide restitution where applicable. 18 U.S.C. § 3553(a)(1), (a)(3), (a)(5)-(7). Neither the statute nor Booker suggests that any one of these factors is to be given greater weight than any other factor. What is clear is that all factors are subservient to § 3553(a)'s mandate to impose a sentence not greater than necessary to comply with the

four policy purposes of sentencing.

Under 18 U.S.C. 3553(a)(2) when this court considers the need for imposing a sentence given the nature of the offense, the need to deter both criminal activity in general and this defendant in particular.

Mr. Couch would point out that he is a 37 year old man with serious charges but a very limited criminal history. While apparently there are no current charges in federal court in Kentucky, Counsel due to his communication with the government believes that there will be. There were discussions of resolving both cases at once and Counsel understands that the AUSA in Kentucky declined to agree. As is their right but Mr. Couch fully anticipates being taken to federal court in the Eastern District in Kentucky at some point. He has state charges involving relevant conduct as pointed out in Item 125 which has yet to be resolved as he was writted out to the Federal authorities. (PSR, P. 23)

If this Court were to note the still high but expected level 40 Category I range of 292-365 month range as sufficient but not greater than necessary, This Court would still be imposing a sentence one place to the left of 360-life. For a 37 year old man, a sentence of 24.3 to 36 years is more in line with what the Congress thought reasonable when it imposed a 30 year maximum on these sentences of conviction rather than the 60 years the non-elected commission see fit.

In conclusion, Mr. Couch would ask this Court to grant his objections to the presentence report, apply the Sec. 3553 factors and craft a sentence more aligned with the express will of Congress in such cases.

Respectfully submitted,

          S/ Mike Whalen
          Mike Whalen
          BPR #018955
          905 Locust Street
          Knoxville, TN 37902
          (865) 525-1393

## CERTIFICATE OF SERVICE

I hereby certify that on December 27th , 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system. Specifically, service is being made electronically to:

Jennifer Kolman
Assistant United States Attorney
United States Attorney's Office

          S/ Mike Whalen
          905 Locust Street
          Knoxville, Tennessee 37902
          (865) 525-1393