IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 3:21-CR-122 |
| v. ) | |
| ) | JUDGE CRYTZER |
| ANDREW STEPHEN COUCH ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' RESPONSE IN OPPOSITON TO DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA (DOC. 45)

Comes now the United States of America, by and through the United States Attorney for the Eastern District of Tennessee, and files this response to defendant's Motion to Withdraw his Plea. (Doc. 45). The defendant's motion to withdraw his guilty plea should be denied. Defendant has the burden to show a "fair and just reason" for withdrawing his guilty plea and has failed to do so pursuant to Fed. R. Crim. P. 11(d)(2)(B). Therefore, the United States requests that this honorable Court deny the defendant's motion to withdraw his plea.

## PROCEDURAL BACKGROUND

On October 6, 2021, a four-count indictment charging the defendant with three counts of production of child pornography and one count of possession and access with intent to view child pornography, was filed with this Court. On March 29, 2022, a signed plea agreement was filed with this Court. (Doc. 18). On April 8, 2022, a change of plea was scheduled, however, the change of plea was rescheduled as the defense attorney was not present. (Doc. 20).

On May 5, 2022, the defendant appeared before this Court for a change of plea hearing where counsel for the defendant was present. (Doc. 24). The defendant was advised of his constitutional rights and of the penalties of the offense charged. Based on the provisions

1

contained within the plea agreement, the defendant pleaded guilty to Counts 2 and 3 of the Indictment. (*Id*. and Doc. 18).

On August 5, 2022, a Presentence Investigation Report (PRS) was filed. (Doc. 26). On August 18, 2022, the United States filed timely Objections to the PSR. (Doc. 27).

On September 6, 2022, the defendant filed a Motion to Continue Sentencing. (Doc. 32). On September 9, 2022, an addendum to the PSR was filed citing the United States Objections to the PSR and noting that the defendant had yet to file objections. (Doc. 33). On the same day revised PSR (RPSR) was filed.[1] (Doc. 33).

On November 8, 2022, the defendant filed a second motion to continue sentencing. (Doc. 37). On November 17, 2022, this Court granted the defendant's motion to continue. (Doc. 38).

On December 27, 2022, the defendant filed an out of time Notice of Objections to the Presentence Report citing two objections. (Doc. 39). First, the defendant objected that although the "possibility for enhancements in these types of cases is enormous," the guidelines range was higher than parties expected. Second, defendant argued 60 years is a life sentence. (*Id.*). On the same day, the defendant filed his Sentence Memorandum (Doc. 40). Two days later, the United States filed a response to the defendant's objections to the RPSR. (Doc. 41).

Thereafter, on January 4, 2023, a Second Addendum to the Presentence Report was filed addressing the defendant's objections. (Doc. 42). On January 5, 2023, this Court reset the sentencing hearing until February 2, 2023, for a third time to permit the parties and this Court to fully consider the defendant's late filed objections to the RPSR. (Doc. 43).

On February 2, 2023, nearly one year from the date of the filed Plea Agreement, the defendant filed a Motion to Withdraw his Plea. (Doc. 45).

---

[1] The guidelines range calculations remained the same.

## LAW AND ARGUMENT

I. **The defendant's motion to withdraw his plea should be denied because his unanticipated sentencing guideline range does not constitute a "fair and just reason" to warrant withdrawal of the plea agreement he voluntarily and knowingly entered.**

To withdraw a guilty plea, a defendant bears the burden to "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006). The withdrawal from a plea is a heavy burden that can only be satisfied in "extraordinary cases." *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987). The purpose behind the consideration of withdrawal from a validly entered plea is "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir.1991); *United States v. Carr*, 740 F.2d 339, 345 (5th Cir.1984), cert. denied, 471 U.S. 1004, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985). Withdrawal of plea is appropriate when the defendant establishes "real confusion or misunderstanding of the terms of the agreement." *Ellis*, 470 F.3d 275 at 281.

In assessing whether a defendant has met that burden, courts consider the totality of the circumstances, focusing on the following factors:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or

maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1994). Those "are a general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996); *United States v. Williams*, 852 Fed.Appx 992, 995) (6th Cir. 2021). "The relevance of each factor will vary according to the circumstances surrounding the original entrance of the plea as well as the motion to withdraw." *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008) (internal editing marks and citation omitted).

    A.    <u>After Defendant pleaded guilty, he waited almost ten months to file a motion to withdraw his plea</u>.

A motion to withdraw a guilty plea is not warranted when "any substantial time has passed after the entry of the plea." *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991). For instance, a delay of five or six weeks weighs against a motion to withdraw. *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987); *Bashara*, 27 F.3d at 1181. In contrast, a delay of only "a few days" weighs in favor of a motion to withdraw. *See Spencer*, 836 F.2d at 239. Here, defendant filed his motion almost ten months after pleading guilty and over eleven months from when the plea agreement was filed. (Docs. 18 & 24). That amount of time is sufficiently substantial, and it weighs against defendant's motion.

    B.    <u>Defendant has yet to offer any reason why it took him ten months to file a motion to withdraw his guilty plea.</u>

A defendant's "failure to excuse his delay works soundly against" his motion to withdraw. *United States v. Baez*, 87 F.3d 805, 808-09 (6th Cir. 1996). To date, defendant has offered no excuse for his ten-month delay in his motion to withdraw the plea. (*See* Doc. 45). His failure to do so weighs against his motion.

4

C.     Defendant has admitted that he is guilty.

To support a motion to withdraw a guilty plea, a defendant needs to point to his "vigorous and repeated protestations of innocence." United States v. Dixon, 479 F.3d 431, 437 (6th Cir. 2007). Withdrawal is not warranted for a defendant who has "repeatedly acknowledged his guilt." Ellis, 470 F.3d at 285. To cite two examples, a defendant acknowledges his guilt when he "sign[s] a plea agreement listing the facts constituting the crime" or when he makes "[s]tatements of guilt under oath at a plea hearing." United States v. Goddard, 638 F.3d 490, 494 (6th Cir. 2011); United States v. Martin, 668 F.3d 787, 796 (6th Cir. 2012).

Defendant repeatedly acknowledged his guilt. He signed a written plea agreement, admitting to producing two child pornography videos of himself and a four and a half year old female child. (Doc. 18). He also admitted that he pleaded "guilty because [he] is in fact guilty." (*Id*.) And at his plea hearing, he again made those same admissions of guilt—this time under oath. Neither in his plea agreement nor at his change of plea hearing did defendant express any reservations about his decision to plead guilty. (*Id*.) Defendant did not express his innocence in his motion to withdraw his plea. (*See* Doc. 45).

D.     At a remarkably thorough plea hearing, defendant knowingly and voluntarily pleaded guilty to two Counts of Production of Child Pornography.

Withdrawal of a guilty plea is not warranted when the "district court complied with Rule 11 and [the defendant] knowingly, voluntarily, and intelligently pleaded guilty with a full understanding of his rights and the consequences of his plea." *United States v. Catchings*, 708 F.3d 710, 718-19 (6th Cir. 2013).

Here, this Court complied with Rule 11. At defendant's change of plea hearing, the Court followed the procedures required by Rule 11—to the letter. And the court ensured that defendant understood his rights and the consequences of his plea.

5

Defendant pleaded guilty knowingly, intelligently, and voluntarily. A defendant enters a plea knowingly and intelligently when he understands the rights he is giving up, the charges to which he is pleading guilty, and the direct consequences of his plea. Fed. R. Crim. P. 11(b)(1). And a defendant enters a plea voluntarily when his plea "did not result from force, threats, or promises (other than promises in a plea agreement)." Fed. R. Crim. P. 11(b)(2).

Defendant's plea met both of those requirements. Time and time again during the change of plea colloquy, defendant assured the Court that he understood his rights, he understood the charges against him, and he understood the consequences of his plea. He also assured the Court that no one forced him, threatened him, or promised him anything outside of the plea agreement. Defendant has never claimed his plea was not knowingly and voluntarily made.

The circumstances of Defendant's plea weighed against his motion to withdraw.

E. <u>Defendant's nature and background show that he understood what he was doing when he pleaded guilty.</u>

Defendant, his attorney, and the Court agreed that defendant understood the proceedings against him at his change of plea.

This factor weighs against defendant's motion.

F. <u>Defendant had extensive prior experience with the criminal-justice system.</u>

A defendant's "extensive prior experience with the criminal-justice system" weighs against his motion to withdraw his guilty plea. *Catchings*, 708 F.3d at 719. Here, defendant's experience was extensive—he has pleaded guilty in six prior criminal proceedings. (Doc. 34, ¶¶ 99-104)

Defendant's prior criminal experience weighs heavily against his motion.

G. <u>The plea withdrawal could cause potential prejudice to the United States.</u>

"'[T]he government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." Ellis, 470 F.3d at 286 (quoting United States v. Spencer, 836 F.2d 236, 240 (6th Cir. 1987)). In this case, the defendant has failed to set forth a fair and just reason for a withdrawal of the defendant's plea. Thus, the Court need not address this factor.

Nevertheless, the United States submits that allowing the defendant to withdraw his plea would be prejudicial to the United States. Passage of time always prejudices the United States in preparing for trial. Further, and more importantly, the victims and their families have a right to swift justice. It takes an emotional toll on the families who have believed for almost a year there is a plea resolution that will put an end to their nightmare only to be jolted back into the fear of the unknown regarding the resolution of their case.

In sum, all seven of the relevant factors weigh heavily against defendant's motion to withdraw his guilty plea. The defendant's motion to withdraw his plea should be denied.

## II. Defendant cannot withdraw his plea simply for dissatisfaction of the PSR Guidelines range.

Allowing a defendant to withdraw from an otherwise valid plea agreement based on his dissatisfaction with the proposed guidelines range in the PSR could result in the abuse of Rule 11(d)(2)(B). *See United States v. Luczak*, 370 Fed. Appx. 3, 5 (11th Cir. Mar. 9, 2010) (affirming denial of motion to withdraw guilty plea where defendant's "true motive was dissatisfaction with the guidelines sentence range recommended in the final presentence report."); A defendant cannot withdraw his plea because he realizes that his sentence will be higher than he had expected. *See Alber*, 56 F.3d at 1111 (upholding denial of a plea withdrawal motion where the defendant "moved to withdraw his plea only after he realized that he was going to receive a heavier sentence than he expected"); *Shah*, 878 F.2d at 1162 ("Nor do we believe that fear of

receiving a harsh sentence, standing alone, constitutes a 'fair and just' reason to withdraw a plea[.]"). Defendants cannot plead guilty to "test the weight of potential [**15] punishment" and then withdraw their plea if the sentence is "unexpectedly severe." *United States v. Ramos*, 923 F.2d 1346, 1359 (9th Cir. 1991), *overruled on other grounds by Ruiz*, 257 F.3d at 1032.

> "Given the great care with which pleas are taken under [the] revised Rule 11, there is no reason to view pleas so taken as merely 'tentative,' subject to withdrawal before [*677] sentence whenever the government cannot establish prejudice. 'Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. In fact, however, a guilty plea is no such trifle, but a "grave and solemn act," which is "accepted only with care and discernment."'" Advisory Committee Notes on Fed. Rule Crim. Proc. 32, 18 U.S.C. App., p. 794 (quoting *United States* v. *Barker,* 168 U.S. App. D.C. 312, 514 F.2d 208, 221 (CADC 1975) (quoting *Brady* v. *United States,* 397 U.S. 742, 748, 25 L. Ed. 2d 747, 90 S. Ct. 1463 (1970))). To do so "[w]ould degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess." *United States v. Hyde*, 520 U.S. 670, 677 (1997).

Defendant knew and agreed in his signed plea agreement and again when under oath and asked by this Court if he understood: "*Any estimates or predictions* made to the defendant by defense counsel *or any other person regarding any potential sentence* in this case are not binding on the Court and *may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty pleas*." (Doc. 18, ¶ 5). Both times he answered in the affirmative.

Defendant has failed to provide any legal authority to withdraw his plea based on his dissatisfaction of the Guidelines Range in the RPSR.

## CONCLUSION

Defendant has failed to set forth any "fair and just reason" to allow him to withdraw his guilty plea. Accordingly, the United States requests the Court deny defendant's motion and the case be set for a sentencing hearing immediately.

        Respectfully submitted,

        FRANCIS M. HAMILTON III
        UNITED STATES ATTORNEY

By:   *s/Jennifer Kolman*
        Jennifer Kolman
        Assistant United States Attorneys
        800 Market Street, Suite 211
        Knoxville, TN 37902
        (865) 545-4167
        Jeninfer.kolman@usdoj.gov
        GA BPR No. 427930