# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## KNOXVILLE DIVISION

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | |
| ANDREW STEPHEN COUCH | Case Number: **3:21-CR-00122-KAC-JEM(1)** |
| USM#72559-509 | **Mike Whalen** |
| | Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to <u>Counts 2 and 3 of the Indictment</u>.

☐ pleaded nolo contendere to count(s)  which was accepted by the court.

☐ was found guilty on count(s)  after a plea of not guilty.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Violation Concluded | Count |
|---|---|---|---|
| 18 U.S.C. § 2251(a) and (e) | Production of Child Pornography | December 12, 2019 | 2 |
| 18 U.S.C. § 2251(a) and (e) | Production of Child Pornography | December 13, 2019 | 3 |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. § 3553.

☐ The defendant has been found not guilty on count(s).

☒ <u>Counts 1 and 4 of the Indictment</u> are dismissed upon motion of the United States.

　　　　IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

**April 13, 2023**
Date of Imposition of Judgment

*/s/ Katherine A. Crytzer*
Signature of Judicial Officer

**Katherine A. Crytzer, United States District Judge**
Name & Title of Judicial Officer

**April 14, 2023**
Date

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **720 months**.

This sentence consists of terms of 360 months as to each of Counts 2 and 3 of the Indictment, such terms to be served consecutively.

It is ordered this sentence shall be served concurrently with any anticipated state sentence imposed in Knox County, Tennessee, Criminal Court Docket Number 117656, pursuant to USSG§5G1.3(c).

It is further ordered this sentence shall be served consecutively to any anticipated state sentence imposed in Knox County, Tennessee, Criminal Court Docket Number 117655, pursuant to *Setser vs. United States.*

☒ The court makes the following recommendations to the Bureau of Prisons:

The court recommends that the defendant receive 500 hours of substance abuse treatment from the BOP Institution Residential Drug Abuse Treatment Program. Additionally, the court further recommends the defendant undergo a complete mental health evaluation and receive appropriate treatment while serving his term of imprisonment. It is further recommended the defendant be afforded a full range of educational classes and vocational programs offered by the Bureau of Prisons. Lastly, the court recommends the defendant be designated to FCI Ashland (KY) as deemed appropriate by the BOP.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at ___ ☐ a.m. ☐ p.m. on ___
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on ___ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on ___
  to ___ ,
  at ___ ,
  with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. TNED 10/2019) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | ANDREW STEPHEN COUCH | Judgment - Page 3 of 9 |
| CASE NUMBER: | 3:21-CR-00122-KAC-JEM(1) | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **life**.

This term consists of life as to each of Counts 2 and 3 of the Indictment; to be served concurrently.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentencing of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. TNED 10/2019) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | ANDREW STEPHEN COUCH | Judgment - Page 4 of 9 |
| CASE NUMBER: | 3:21-CR-00122-KAC-JEM(1) | |

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the mandatory, standard, and any special conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____  Date _____

AO 245B (Rev. TNED 10/2019) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | ANDREW STEPHEN COUCH | Judgment - Page 5 of 9 |
| CASE NUMBER: | 3:21-CR-00122-KAC-JEM(1) | |

# SPECIAL CONDITIONS OF SUPERVISION

1. You must participate in a program of sex offender mental health treatment at your own expense, as approved by the probation officer, until such time as you are discharged from treatment by the provider and as approved by the probation officer. You must comply with the policies and procedures of the treatment program. You must waive all rights to confidentiality regarding sex offender mental health treatment in order to allow release of information to the United States Probation Officer, and to authorize open communication between the probation officer and the treatment providers. *SO-15-06(1)*

2. You must have no direct or third-party contact, by any means available to you, with any victim(s) of a sex offense committed by the defendant. *SO-15-06(2)*

3. Other than incidental contact, which is defined as contact occurring merely by chance or without intention or calculation, you must not associate and/or be alone with children under 18 years of age, nor shall you be at any residence where children under the age of 18 are residing, without the prior written approval of the probation officer. If you have any contact with any such minor not otherwise addressed in this condition, you must immediately leave the situation and notify the probation officer. This provision shall not apply to contact with your own minor children unless the court expressly so finds. *SO-15-06(3)*

4. You must not visit, frequent, or linger about any place that is primarily associated with children under the age of 18 or at which children under the age of 18 normally congregate without the prior written approval of the probation officer. *SO-15-06(4)*

5. You must not associate with anyone, under any circumstance, that you know to be a sex offender, someone who engages in sexual activity with children under 18 years of age, or someone who condones and/or supports the sexual abuse/exploitation of children under 18 years of age (e.g., NAMBLA, BOYCHAT, Boylover Message Board), except while participating in sex offender mental health treatment or for employment purposes as approved by the probation officer. *SO-15-06(5)*

6. You must not possess any printed photographs, paintings, recorded material, or electronically produced material designed to produce arousal of sexual interest in children under 18 years of age. Nor shall you visit, frequent, or linger about any place where material designed to produce arousal of sexual interest in children is available to him. *SO-15-06(6)*

7. You must submit to a psychosexual assessment at your own expense, as directed by the probation officer. *SO-15-06(8)*

8. You must submit to polygraph testing at your own expense, as directed by the probation officer, in order to determine if you are in compliance with the conditions of supervision, or to facilitate sex offender treatment. You must be truthful during polygraph evaluations. *SO-15-06(9)*

9. All residences and employment shall be approved in advance by the probation officer. You must not participate in any volunteer activities requiring unsupervised contact with children under the age of 18, without the approval of the probation officer. You must not engage in an activity that involves being in a position of trust or authority over any child or children under the age of 18. *SO-15-06(10)*

10. You must submit your person, residence, vehicle, or any area over which you exercise control to a search conducted by a probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by you, at any time without prior notice or search warrant, in order to determine if you are in compliance with the conditions of supervision. You must warn anyone with whom you reside that the premises may be subject to searches pursuant to this condition. *SO-15-06(11)*

11. You must not possess or use a computer or any other electronic device with access to the Internet or any other on-line computer service at any location (including employment), without the approval of the probation officer. *SO-15-06(12)*

12. You must not possess or use any data encryption, data elimination, or access-protection technique, device, or program designed to conceal, eliminate, or corrupt material that is illegal, designed to produce a sexual interest in children under 18 years of age, or prohibited by the probation officer. *SO-15-06(13)*

13. You shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as you are released from the program by the probation officer.

AO 245B (Rev. TNED 10/2019) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | ANDREW STEPHEN COUCH | Judgment - Page 6 of 9 |
| CASE NUMBER: | 3:21-CR-00122-KAC-JEM(1) | |

# SPECIAL CONDITIONS OF SUPERVISION (CONT'D)

14. You shall participate in a program of mental health treatment, as directed by the probation officer, until such time as you are released from the program by the probation officer. You waive all rights to confidentiality regarding mental health treatment in order to allow release of information to the supervising United States Probation Officer and to authorize open communication between the probation officer and the mental health treatment provider.

15. You shall take all medication prescribed by the treatment program as directed. If deemed appropriate by the treatment provider or the probation officer, you shall submit to quarterly blood tests, to determine whether you are taking the medication as prescribed.

16. You shall submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer or designee. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

17. You shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

18. You shall provide the probation officer with access to any requested financial information.

19. You shall not incur new credit charges or apply for additional lines of credit without permission of the probation officer until restitution has been paid in full. In addition, you shall not enter into any contractual agreements which obligate funds without permission of the probation officer.

20. You shall register with the state Sex Offender Registry in any state in which you reside, are employed, or are a student, in compliance with the State Sex Offender Registry.

# CRIMINAL MONETARY PENALTIES

AO 245B (Rev. TNED 10/2019) Judgment in a Criminal Case

| DEFENDANT: | ANDREW STEPHEN COUCH | Judgment - Page 7 of 9 |
|---|---|---|
| CASE NUMBER: | 3:21-CR-00122-KAC-JEM(1) | |

The defendant must pay the total criminal monetary penalties under the Schedule of Payments sheet of this judgment.

| | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment \*\*** |
|---|---|---|---|---|---|
| **TOTALS** | $200.00 | $54,000.00 | $.00 | $.00 | $.00 |

☐ The determination of restitution is deferred until after such determination. An *Amended Judgment in a Criminal Case (AO245C)* will be entered

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

Restitution of $54,000.00 to:

| Payee | Amount |
|---|---|
| ANDY OF THE "SPONGEB" SERIES<br>MARSH LAW FIRM PLLC<br>548 MARKET ST. #65135<br>SAN FRANCISCO, CA 94104-5401 | $3,000.00 |
| ANGELA OF THE "ANGELA" SERIES<br>RESTORE THE CHILD, PLLC<br>2522 N PROCTOR ST, SUITE 85<br>TACOMA, WA 98406 | $3,000.00 |
| APRIL OF THE "APRILBLONDE" SERIES<br>RESTORE THE CHILD, PLLC<br>2522 N PROCTOR ST, SUITE 85<br>TACOMA, WA 98406 | $3,000.00 |
| HENLEY OF THE "BLUEPILLOW1" SERIES<br>DEBORAH A. BIANCO<br>P.O. BOX 6503<br>BELLEVUE, WA 98008 | $3,000.00 |
| JENNY OF THE "JENNY" SERIES<br>MARSH LAW FIRM PLLC<br>P.O. BOX 4668 #65135<br>NEW YORK, NY 10163-4668 | $3,000.00 |
| JESSICA OF THE "JESSICA" SERIES<br>MARSH LAW FIRM PLLC<br>P.O. BOX 4668 #65135<br>NEW YORK, NY 10163-4668 | $3,000.00 |
| JOHN DOE I OF THE "8KIDS" SERIES<br>TANYA HANKINS<br>THE LAW OFFICE OF ERIK BAUER<br>P.O. BOX 1091 TACOMA, WA 98401 | $3,000.00 |
| JOHN DOE II OF THE "8KIDS" SERIES<br>TANYA HANKINS<br>THE LAW OFFICE OF ERIK BAUER<br>P.O. BOX 1091 TACOMA, WA 98401 | $3,000.00 |
| JOHN DOE III OF THE "8KIDS" SERIES<br>TANYA HANKINS<br>THE LAW OFFICE OF ERIK BAUER | $3,000.00 |
| JOHN DOE IV OF THE "8KIDS" SERIES<br>TANYA HANKINS<br>THE LAW OFFICE OF ERIK BAUER<br>P.O. BOX 1091 TACOMA, WA 98401 | $3,000.00 |
| JOHN DOE V OF THE "8KIDS" SERIES<br>TANYA HANKINS<br>THE LAW OFFICE OF ERIK BAUER<br>P.O. BOX 1091 TACOMA, WA 98401 | $3,000.00 |
| LILY OF THE "VICKY" SERIES<br>CAROL L. HEPBURN<br>P.O. BOX 17718<br>SEATTLE, WA 98127 | $3,000.00 |
| MAUREEN OF THE "LIGHTHOUSE1" SERIES<br>DEBORAH A. BIANCO<br>P.O. BOX 6503<br>BELLEVUE, WA 98009 | $3,000.00 |
| PD11 VICTIM OF THE "PD11" SERIES<br>ALLY MCQUEEN, ESQ. AND ANDREW<br>110 N WACKER DR, SUITE 4800<br>CHICAGO, IL 60606 | $3,000.00 |
| PIA OF THE "SWEETWHITESUGAR" SERIES<br>DEBORAH A. BIANCO<br>P.O. BOX 6503<br>BELLEVUE, WA 98008 | $3,000.00 |
| SARAH OF THE "MARINELAND1" SERIES<br>CAROL L. HEPBURN<br>P.O. BOX 17718<br>SEATTLE, WA 98127 | $3,000.00 |
| SIERRA OF THE "JAN_SOCKS1" SERIES<br>CAROL L. HEPBURN<br>P.O. BOX 17718<br>SEATTLE, WA 98127 | $3,000.00 |
| RE "TARA" SERIES | $3,000.00 |

| P.O. BOX 1091 TACOMA, WA 98401 | | | |

☐ Restitution amount ordered pursuant to plea agreement $

The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options under the Schedule of Payments sheet of this judgment may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☒ the interest requirement is waived for the    ☐ fine    ☒ restitution
    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of **$54,200.00** due immediately, balance due  
☐ not later than _____, or  
☒ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $_____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $_____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

The government may enforce the full amount of restitution ordered at any time, pursuant to 18 U.S.C. §§ 3612, 3613 and 3664(m).

The Federal Bureau of Prisons, United States Probation Office and the United States Attorney's Office shall monitor the payment of restitution and reassess and report to the Court any material change in the defendant's ability to pay.

The defendant shall make restitution payments from any wages he may earn in prion in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program. Any portion of the restitution that in not paid in full at the time of his release from imprisonment shall become a condition of supervision.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to **U.S. District Court, 800 Market Street, Suite 130, Howard H. Baker, Jr. United States Courthouse, Knoxville, TN, 37902**. Payments shall be in the form of a check or a money order, made payable to U.S. District Court, with a notation of the case number including defendant number.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several  
See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.  
☐ Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.  
☐ The defendant shall pay the cost of prosecution.  
☐ The defendant shall pay the following court cost(s):  
☒ The defendant shall forfeit the defendant's interest in the following property to the United States:  
-as listed in the Agreed Preliminary Order of Forfeiture [R.23] signed by U.S. District Judge Katherine A. Crytzer on May 5, 2022

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA Assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.